## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOSE CARDENAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 21-cv-02200** |
| | ) | |
| v. | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **D B INDUSTRIES and 3M d/b/a 3M** | ) | |
| **Fall Protection** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose Cardenas brings this action against defendants D B Industries and 3M d/b/a 3M Fall Protection based on injuries he sustained during a fall on March 12, 2019. Defendants have filed a motion for summary judgment, (Dckt. #57), and their motion is granted for the following reasons.

## I.    LEGAL STANDARD

Summary judgment is appropriate when the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A genuine dispute is present if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might bear on the outcome of the case." *Wayland v. OSF Healthcare Sys.*, 94 F.4th 654, 657 (7th Cir. 2024); *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 584 (7th Cir. 2021) (the existence of a factual dispute between the parties will not preclude summary judgment unless it is a genuine dispute as to a material fact); *Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004) (issues of material fact are material if they are outcome determinative).

When the moving party has met that burden, the non-moving party cannot rely on mere conclusions and allegations to concoct factual issues. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). Instead, it must "marshal and present the court with the evidence [it] contends will prove [its] case." *Goodman v. Nat. Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010); *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009). In determining whether a genuine issue of material fact exists, all facts and reasonable inferences must be drawn in the light most favorable to the non-moving party. *King v. Hendricks Cty. Commissioners*, 954 F.3d 981, 984 (7th Cir. 2020). Ultimately, summary judgment is granted only if "no reasonable trier of fact could find in favor of the non-moving party." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838 (7th Cir. 2012) (cleaned up).

## II.    FACTUAL RECORD

The following facts are undisputed unless otherwise noted. At all times relevant to this matter, Cardenas worked as a tank washer for Bulkmatic Transport Company. (Defendants' Statement of Undisputed Material Facts ("DSOF") Dckt. #59 at ¶9). On March 12, 2019, while cleaning a tanker from atop the tanker, Cardenas was wearing a safety harness that was connected to fall-protection equipment called a DBI-SALA Ultra-Lok Self Retracting Lifeline Model No. 3504434 ("SRL"), which was in turn connected to an anchor point on an overhead trolley beam system. (*Id.* at ¶¶1, 10–11).

A representative for Bulkmatic testified that Cardenas received training from the company regarding the SRL. (*Id.* at ¶35). Specifically, the representative testified that Cardenas was trained to keep the anchor point of the SRL directly overhead and informed him that if he failed to do so, it would take longer for the SRL to reach speed in order to lock. (*Id.* at ¶¶36–37). Cardenas confirmed that he was trained to keep the SRL's anchor point directly overhead and

2

knew "to get back to the catwalk for his safety" if the anchor point was not above him. (*Id.* at ¶¶28, 31). Cardenas understood that if the anchor point wasn't directly above his body the SRL might not arrest his fall because it could affect whether the SRL would "react how it's supposed to." (*Id.* at ¶¶28–29). Cardenas further confirmed he was trained that the SRL's anchor point must be kept directly overhead so that "it could properly do its job and catch you before you hit the ground." (*Id.* at ¶¶29, 32).

It is undisputed that the SRL's anchor point was behind (and not directly above) Cardenas while he was on top of the tanker on March 12, 2019. (*Id.* at ¶17). Cardenas subsequently slipped off the tanker and fell to the ground. (*Id.* at ¶21). During Cardenas' fall, the SRL's anchor point snapped forward along the trolley, and the SRL locked and arrested Cardenas' fall. (*Id.* at ¶22). Cardenas' left knee contacted the ground. (*Id.* at ¶23).

Cardenas filed his complaint on February 25, 2021, alleging that, as a result of the March 12, 2019 incident, he "fell and sustained serious injuries." (*Id.* at ¶58, Compl. at ¶ 10). The complaint alleges that the SRL "failed to perform as represented" by defendants, "was not properly manufactured," and "contained defective material." (DSOF at ¶59, Compl. at ¶13). The complaint does not use the words "warning" or "instruction." (DSOF at ¶61).

Defendants filed their answer and affirmative defenses to Cardenas' complaint on April 30, 2021, and denied the relevant allegations. (Plaintiff's Statement of Additional Facts ("PSAF") Dckt. #69 at ¶30). Paragraph 6 of the affirmative defenses alleges that "Plaintiff's claims are barred because [defendants] discharged [their] duty to warn of dangers embodied in the allegedly defective product, if any, by providing adequate warnings and instructions to persons in the chain of distribution of the product, including Plaintiff." (*Id.* at ¶31).

After defendants filed their answer, the parties proceeded with fact and expert discovery which included discovery on the failure to warn claim. (*See e.g.*, Dckt. #59-4 (Transcript of Deposition of Jose Cardenas), #56-6 (Expert Report of Dennis J. Seal), #59-7 (Expert Report of Jon B. Ver Halen)). Each party also submitted an expert report. (Dckt. #59-6, #59-7). The expert engaged by defendants, Dennis J. Seal, Ph.D., P.E., opined, among other things, that the SRL's warning labels and instructions met industry standards and Cardenas failed to follow them, (DSOF at ¶¶40, 45), whereas the expert engaged by Cardenas, Jon B. Ver Halen, P.E., opined, among other things, that "the instructions and warnings provided with the SRL were inadequate" and "failed to warn of the extended fall distance when the trolley anchor point is not directly overhead." (PSAF at ¶29, Dckt. #58-7 at 5).

## III.    DISCUSSION

In their motion, defendants argue that summary judgment in their favor on Cardenas' failure to warn claim is proper because: (1) the claim is barred by the statute of limitations; (2) Cardenas cannot prove causation; and (3) Cardenas cannot establish that the SRL's warnings and instructions were inadequate. Defendants further argue, to the extent Cardenas pursues any other claims against them, they are entitled to summary judgment because he has no evidence to support the essential elements of those claims.

### A.    Cardenas Has Timely Pled a Failure to Warn Claim

Defendants argue that Cardenas failed to assert his failure to warn claim within Illinois' two-year statute of limitations period for personal injury claims and is now barred from pursing such a claim. (Dckt. #60 at 7). Under Illinois law, personal injury claims for the type of injury alleged by Cardenas accrue when the plaintiff "suffers the injury." *Hollander v. Brown*, 457

F.3d 688, 692 (7th Cir. 2006).  Applied here, Cardenas' claim began to accrue on March 12, 2019 and expired two years later on March 12, 2021.

Defendants argue that Cardenas' February 25, 2021 complaint does not plead sufficient facts to support his failure to warn claim because he never specifically alleged that the SRL's warnings or instructions were inadequate.  (Dckt. #60 at 7).  Cardenas – who acknowledges that his complaint does not "specifically delineate" the legal theories he is pursing – asserts that he has nonetheless timely pled his failure to warn claim because the allegations in his complaint were sufficient to give defendants fair notice that he was asserting such a claim.  (Dckt. #67 at 5).  The Court agrees with Cardenas.

As the Supreme Court has made clear, a complaint need only "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up), and "there is no rule requiring parties to plead legal theories or elements of a case."  *Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019).  Instead, "the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008); *United States v. City of Evansville*, No. 3:09-cv-128-WTL-WGH, 2011 WL 52467, at *1-2 (S.D.Ind. Jan. 6, 2011) (same).

In this case, it is evident that Cardenas's complaint provided defendants with fair notice that he is asserting a failure to warn claim notwithstanding fact that the complaint does not use the words "warning" or "instruction."  Indeed, the allegations of the complaint prompted defendants to plead a claim-specific affirmative defense to Cardenas' failure to warn claim (namely, that defendants discharged any duty to warn by providing adequate warnings and instructions).  There would have been no reason for defendants to plead such an affirmative

defense if they had not been placed on notice of the nature of Cardenas' claim. Furthermore, defendants – and Cardenas for that matter – focused a significant portion of their efforts in discovery on the failure to warn claim, including taking deposition testimony regarding the adequacy of SRL's warning labels and submitting expert opinions on the issue.

In short, defendants received fair notice of Cardenas' failure to warn claim, and they promptly asserted and prepared their defense to that claim. They were neither confused nor led astray by the allegations in the complaint, and they are not prejudiced by Cardenas' pursuit of this claim. Consequently, the Court finds that Cardenas timely pled a failure to warn claim and granting summary judgment based on defendants' statute of limitations defense would be contrary to the operative pleading principles set forth above.[1]

## B.     Cardenas Cannot Establish That Defendants Proximately Caused His Injuries

Defendants next argue that summary judgment on Cardenas' failure to warn claim is proper because Cardenas cannot show that inadequate warnings were the proximate cause of his injuries. Defendants fare better with this argument.

"A manufacturer has a duty to warn where the product possesses dangerous propensities and there is unequal knowledge with respect to the risk of harm, and the manufacturer, possessed of such knowledge, knows or should know that harm may occur absent a warning." *Sollami v. Eaton*, 772 N.E.2d 215, 219 (Ill. 2002). Cardenas bears the burden of showing that defendants' failure to warn of the SRL's dangerous propensities proximately caused his injuries, that is, that an adequate warning "would have been read and heeded, and would have prevented the injuries

---

[1] Because the Court finds that Cardenas' February 2021 complaint adequately alleged a failure to warn claim, it need not address the parties' arguments as to whether his failure to warn claim would be timely under the relation back doctrine.

in question." *Blaue v. Kissinger*, No. 03-cv-9025, 2006 WL 2092380, at *5 (N.D.Ill. July 24, 2006).

Cardenas concedes that he knew that he should keep the anchor point above him while working, but he argues that defendants never warned him or Bulkmatic (his employer) that the failure to keep the anchor point directly overhead would cause a delay in the SRL's locking system. (Dckt. #67 at 9–10). According to Cardenas, questions of fact exist as to whether: (1) he would have been more diligent about making sure the SRL was overhead if the label had advised him about the possibility of delayed locking; and (2) Bulkmatic, if it had been fully informed about the risk of extended fall distances, would have provided better training to Cardenas and other employees about the danger. (*Id.* at 8–10).

The problem with Cardenas' argument is that it is based on speculation and conjecture. Bulkmatic's representative testified – and Cardenas confirmed – that the company trained Cardenas to keep the anchor point for his SRL directly overhead. (DSOF at ¶36). And, again, Cardenas admits that he knew to keep the SRL's anchor point directly overhead, and he was trained "to get back to the catwalk for his safety" if the anchor point was not above him. (*Id.* at ¶¶28, 31, 33, 34). He also admits that he understood that the SRL might not react how it is supposed to if it was not directly over his body, and that the SRL's anchor point must be kept directly overhead so that "it could properly do its job and catch you before you hit the ground." (*Id.* at ¶¶29, 32). Cardenas further testified that he understood that failing to keep the anchor point overhead would impact whether the SRL would "react how it's supposed to." (*Id.* at ¶29).

Cardenas does not identify any further cautionary information that an "adequate" warning would have – or even could have – provided him over and above what he has admitted that he already knew. Thus, any inference that a different, or more specific, warning sign on the SRL

would have altered Cardenas' behavior is conjectural. Accordingly, because Cardenas has failed to provide evidence from which a reasonable jury could conclude that an alternate or different warning would have prevented his injuries, defendants are entitled to summary judgment on Cardenas' failure to warn claim. *See Winkler v. Madix*, No. 16-cv-341, 2018 WL 4286197, at *10 (N.D.Ill. Sept. 7, 2018) (granting summary judgment where plaintiffs failed to offer evidence that an adequate warning would have prevented one of the plaintiff's injuries when she fell from a shelving unit and the record demonstrated her supervisor was aware of the dangers of climbing the units); *Walker v. Macy's Merchandising Group, Inc.*, 288 F.Supp.3d 840, 866–67 (N.D.Ill. Dec. 19, 2017) (granting summary judgment where plaintiff failed to offer evidence that plaintiff would have read and heeded any warning or evidence of what additional or alternative warnings were needed).

### C. Cardenas Cannot Establish That the SRL's Warnings and Instructions Were Inadequate

Defendants argue that summary judgment on Cardenas' failure to warn claim is proper for yet another reason: namely, because Cardenas has not offered additional or different warning language that he would consider adequate. (Dckt. #58 at 14). The Seventh Circuit has consistently affirmed summary judgment against failure to-warn claims where the plaintiff fails to present evidence of an alternative and adequate warning. *See e.g.*, *Bourelle v. Crown Equipment Co.*, 220 F.3d 532, 538 (7th Cir. 2000) (affirming summary judgment where the plaintiff "failed to test (or even to draft) an alternative warning."); *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 870 (7th Cir. 2001) (affirming summary judgment because the plaintiff's expert had "not designed or suggested to the court an alternative warning that would have been appropriate or tested its effectiveness.").

In response, Cardenas asserts he has met his burden to present evidence of an alternative warning because Ver Halen identified additional information that should have been included by defendants. (Dckt. #67 at 12). In his expert report, Ver Halen states that the "instructions and warnings provided with the SRL were inadequate" and "failed to warn of the extended fall distance when the trolley anchor point is not directly overhead." (Dckt. #59-7 at 5). But these criticisms do not propose an alternative warning as required by the Seventh Circuit. As other courts in this Circuit have explained, a party need not produce evidence of a "specific, word-for-word warning;" however it must be "reasonably specific in articulating what language and information should have been included in the label." *In re Depakote*, No. 14-cv-847, 2015 WL 4775868, at *6 (S.D.Ill. Feb. 13, 2015). Cardenas has failed to demonstrate that Ver Halen's criticisms satisfy this requirement, and thus has not specified what warning language would have been adequate and how that alternative language would differ from the current language.

The lack of evidence here contrasts with the record in *In re Depakote*, where the court found that an expert was reasonably specific in articulating what language and information should have been included on the label where the expert opined that the label should have: (1) acknowledged that using the Depakote product was a greater risk than other drugs, (2) explained that Depakote should only be used as a last line of treatment in pregnant women, (3) discussed the risks of malformations, and (4) provided information to protect women of childbearing potential and their babies, including recommendations related to contraception and reduced dosing during pregnancy. *Id.*; *see also Phillips v. The Raymond Corp.*, No. 99-cv-2152, 2006 WL 1156375, at *6 (N.D.Ill. Apr. 25, 2006) (granting summary judgment where plaintiff "never even proposed a warning that he suggests would be more appropriate than the warnings that

[d]efendant actually gave.").  Consequently, summary judgment on Cardenas' failure to warn claim is also warranted for this reason.

In light of this Court's findings that summary judgment is proper because Cardenas cannot establish that: (1) defendants proximately caused his injuries; or (2) the SRL's warnings and instructions were inadequate, the Court need not, and does not, address defendants' remaining arguments with respect to Cardenas' failure to warn claim.

### D. To the Extent Cardenas is Pursuing Any Other Claim Against Defendants, Defendants Are Entitled to Summary Judgment on Those Claims

Defendants also argue that they are entitled to summary judgment on any other claims pursed by Cardenas because he has no evidence to support those claims.  (Dckt. #60 at 14). Cardenas does not respond to this argument in his response brief, let alone put forth sufficient evidence to raise a genuine issue of material fact as to the viability of any other claims.  Because Cardenas did not address defendants' arguments, the Court finds that he has waived them. *Nichols v. Michigan City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."); *Domka v. Portage Cnty.*, 523 F.3d 776, 783 (7th Cir. 2008) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.") (cleaned up); *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("As we have said before, summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.") (cleaned up).

## CONCLUSION

For the foregoing reasons, defendants D B Industries and 3M d/b/a 3M Fall

Protection's motion for summary judgment, (Dckt. #57), is granted.

**Date: October 18, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**